IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-519-FL

| | | |
|---|---|---|
| TOMMY LEE STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER AND MEMORANDUM |
| | ) | AND RECOMMENDATION |
| | ) | |
| UNKNOWN NAME CLERK OF | ) | |
| U.S. CONGRESSMAN WALTER JONES | ) | |
| GREENVILLE, N.C. DISTRICT OFFICE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for review of Plaintiff Tommy Lee Stevens' *pro se*

application to proceed *in forma pauperis* and his complaint seeking a writ of mandamus pursuant

to 28 U.S.C. §§ 1915(a)(1), (e)(2)(B). [DE-1, 1-1]. In the view of this court, Plaintiff has

demonstrated sufficient evidence of the inability to pay the required court costs. Accordingly,

this court ALLOWS Plaintiff's motion to proceed *in forma pauperis*. However, for the reasons

set forth below, this court RECOMMENDS that the complaint be DISMISSED.

## I. PLAINTIFF'S COMPLAINT

On September 19, 2011, Plaintiff filed a motion to proceed *in forma pauperis* and a

document entitled "Writ of Mandamus" and "Complaint". [DE-1, 3]. Plaintiff states in the body

of the document that the writ is filed "pursuant to 28 U.S.C. 1291, or any Federal Statute of Writ

of Mandamus that will apply." [DE-1] at 1. Therein, Plaintiff alleges he has made a complaint

against the Department of Health and Human Services ("DHHS") and the Justice Department

("DOJ") and that he mailed the complaint to the district office of United States Congressman

Walter Jones in Greenville, North Carolina. Plaintiff alleges that his intention in mailing his complaint to the congressman's Greenville office was so that his complaint would be forwarded to Congressman Jones' Washington, D.C. office which, according to Plaintiff, would facilitate a meeting for Plaintiff in Washington to discuss his grievances with DHHS and DOJ. Plaintiff complains further that his mail is being delayed or undelivered. Plaintiff has called Congressman Jones' office to request that his complaint be forwarded to Washington, but his calls have not been returned. According to Plaintiff, while his complaint against DHHS and DOJ has been delayed, DHHS and DOJ "are constantly attacking [Plaintiff], [his] family, friends, or any associate of [his] that for some reason they may chose." Id. Plaintiff alleges he is attempting to purchase a home located in Mount Olive, North Carolina, and that initially "everything was go" regarding the purchase. Id. Plaintiff alleges he had the funds to purchase the home and intended to consummate the transaction when "suddenly everything slowed down for no reason of my own." Id. at 2.

Plaintiff requests this court order the staff in Congressman Jones' Greenville, North Carolina district office forward Plaintiff's complaint to the congressman's Washington, D.C. office in order to schedule Plaintiff an appointment "to consult with someone concerning how to best handle [his] complaint" against DHS and DOJ. Id.

## II. STANDARD OF REVIEW

Plaintiff has captioned his pleading document as a "writ of mandamus" and "complaint." Regardless how captioned, Plaintiff's pleading is subject to this court's frivolity review. See In Re Tyler, 110 F.3d 528, 529 (8th Cir. 1997) (Civil mandamus proceedings are subject to the

2

frivolity review of 28 U.S.C. § 1915).[1] In that regard, a claim is frivolous if it lacks an arguable basis in either law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); see McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Neitzke, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id. at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." Denton v. Hernandez, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Id. "The word 'frivolous' is inherently elastic and not susceptible to categorical definition.... The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Fed. Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." Nasim v. Warden., Md. House of Correction, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

[1]Moreover, mandamus relief is considered a "drastic remedy", only used in extraordinary circumstances when petitioner has a clear right to the relief sought. See United States v. Moussaoui, 333 F.3d 509, 516-17 (4th Cir. 2003).

3

face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level...." Twombly, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. Id. In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. See Haines v. Kerner, 404 U.S. 519, 520 (1972). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. See id.; Estelle v. Gamble, 429 U.S. 97, 106 (1976); Noble v. Barnett, 24 F.3d 582, 587 n. 6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Adhering to the principle that *pro se* pleadings should not be held to the same stringent standards as those of attorneys, this court has construed liberally the allegations contained in Plaintiff's complaint. However, even affording Plaintiff a deferential examination of the allegations, this court finds that his claims must be dismissed for failing to state a claim for which relief may be granted. Plaintiff's recitation of the factual basis of his complaint fails to identify a cause of action asserted against Defendant and is equally devoid of any legal theory. See Neitzke, 490 U.S. at 325. While Plaintiff appears frustrated despite his efforts to arrange a meeting at the congressman's Washington, D.C., office, based on the facts alleged, other adequate means exist to afford him the relief he seeks, means which are neither legal relief nor involve action by the federal courts. Plaintiff could visit the congressman's district office and

4

request an appointment in Washington or simply contact the congressman's Washington office directly. No reason is apparent why such a meeting cannot occur by telephone or in the congressman's district office, a location presumably more convenient to Plaintiff. While Plaintiff indicates mail to the congressman is screened in Greenville, it is not apparent this precludes him from securing his requested relief.

## IV. CONCLUSION

For the reasons stated above, this court ALLOWS plaintiff's application to proceed *in forma pauperis*. In addition, this court RECOMMENDS that the underlying complaint seeking a writ of mandamus be DISMISSED for failing to state a claim for which relief may be granted.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This, the 26th day of October, 2011.

Robert B. Jones, Jr.
United States Magistrate Judge

5