IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-519-FL

| | |
|---|---|
| TOMMY LEE STEVENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) ORDER |
| UNKNOWN NAME CLERK OF U.S. | ) |
| CONGRESSMAN WALTER JONES | ) |
| GREENVILLE, N.C. DISTRICT OFFICE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter is before the court on plaintiff's *pro se* motion for leave to proceed in *forma pauperis* and complaint seeking a writ of mandamus (DE ## 1, 3). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. entered memorandum and recommendation ("M&R") wherein he allows plaintiff's motion to proceed *in forma pauperis* but recommends that the court dismiss plaintiff's complaint. Plaintiff timely filed objection to the M&R. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge and dismisses plaintiff's complaint.

**COURT'S DISCUSSION**

A.   Standard of Review

The court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b)(1). Upon review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1).

The court shall dismiss a case filed *in forma pauperis* at any time if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009). A complaint fails to state a claim on which relief may be granted unless it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). Pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972).

B. Analysis

Here, plaintiff objects to the magistrate judge's finding that no claim for relief has been stated. Plaintiff asks the court to order an unnamed employee in United States Congressman Walter Jones's Greenville, NC office to forward to the Congressman's Washington, DC office a complaint that plaintiff mailed.

Mandamus is available only where three elements co-exist: (1) the petitioner has shown a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available. First Fed. Sav. & Loan Ass'n v. Baker, 860 F.2d 135, 138 (4th Cir. 1988). Mandamus against a public official will not lie unless the alleged duty to act involves a mandatory or ministerial obligation which is so plainly prescribed as to be free of doubt. Id.

Here, plaintiff has failed to allege a clear right to have defendant, an unnamed clerk in

2

Congressman Jones's Greenville office, forward plaintiff's complaint to the Congressman's Washington, DC office. Furthermore, defendant does not have a clear duty to forward the complaint. In addition, any such action would not be "ministerial," but would involve defendant's discretionary judgment. Finally, as the magistrate judge noted, numerous alternative and adequate remedies exist.

The court therefore agrees with the magistrate judge. Even with application of a liberal pleading standard, plaintiff has failed to allege a cause of action against defendant or to provide any legal theory that would support his requested relief.

## CONCLUSION

Accordingly, upon *de novo* review of the magistrate judge's M&R, the court ADOPTS as its own the recommendation of the magistrate judge and DISMISSES this action for failure to state a claim on which relief may be granted. The Clerk is directed to close this case.

SO ORDERED, this the 5th day of December, 2011.

LOUISE W. FLANAGAN
United States District Judge